## Case No. 16,362.

UNITED STATES v. SOWERS et al.

[See Case No. 16,363.]

=======

## Case No. 16,363.

UNITED STATES v. SOWERS et al.

[36 Leg. Int. 488;[1] 14 Phila. 525; 25 Int. Rev. Rec. 405.]

District Court, E. D. Pennsylvania. Dec. 8, 1879.

CUSTOMS DUTIES — RATE OF DUTY — COLLECTOR'S DECISION—APPEAL TO SECRETARY.

1. Section 2931, Rev. St., makes the decision of the collector of the port respecting "the rate and amount of duties" on merchandise final and conclusive unless the owner shall within

---

[1] [Reprinted from 36 Leg. Int. 488, by permission.]

ten days after the ascertainment and liquidation appeal therefrom to the secretary of the treasury.

2. The entire question of rate and amount, and as to whether or not it was legally assessed and found, must be submitted to and passed on by the secretary of the treasury in the first instance.

3. This appeal cannot be neglected and the courts applied to for relief. In its absence the decision of the collector is final.

[This was an action against William H. Sowers and others, executors of the will of William Chamberlain, deceased, to recover duties claimed to be due the United States.]

John K. Valentine, Dist. Atty.
W. Wynne Wister, Jr., for defendants.

BUTLER, District Judge. On the 5th of January, 1870, William H. Sowers (principal in the bond sued upon) entered at the port of Philadelphia certain merchandise, imported from Liverpool. On the same day the collector of the port estimated the duties chargeable thereon at $901.74, and designated packages to be opened. The estimated duties were paid, and the merchandise (other than that set aside for examination) withdrawn. An appraisement was subsequently made, exceeding the invoiced value, and the duties liquidated at $1402.93. On the 25th of October, 1873, fourteen days subsequent to the liquidation, notice was given Mr. Sowers of the amount remaining due, and payment demanded. No response being made, suit was brought against the defendant (surety in the bond).

On the trial defendant's counsel requested the court to charge: 1st. That no notice having been given Mr. Sowers of the advance made by the appraisers, as is required by the treasury regulations on the subject, the plaintiff cannot recover. 2d. That no demand having been made on the principal, or notice given, such as is required by the condition of the bond, the plaintiff cannot recover. These points were reserved by the court; and a verdict was rendered by the jury in favor of the plaintiff for $591.19.

A rule being taken to show cause why judgment should not be entered for the defendant, notwithstanding the verdict, the points must now be answered. In the judgment of the court, neither of them is well founded. As respects the first: The statute does not provide for notice, either of the appraisement, or the liquidation. Congress contemplated that the importer should take notice of these steps in levying the duty. Westray v. U. S., 18 Wall. [85 U. S.] 322. The secretary of the treasury, however (recognizing the justice of notifying the importer of the appraisement), in pursuance of the 251st section of the Revised Statutes, has provided (by rule 324 of the department) that the collector shall give notice to the importer of any addition made by the apprais-

ers to the estimated value of his goods. Whether this rule has the force of law, and, therefore, entitles the importer to such notice as a legal right, need not be decided here. If it has, the further question is involved, whether the government is affected by a failure to give the notice. That it is not affected by the laches of its agents, generally, is well settled, as appears by the following cases: Postmaster General v. Reeder [Case No. 11,311]; U. S. v. Vanzandt, 11 Wheat. [24 U. S.] 184; Dox v. Postmaster General, 1 Pet. [26 U. S.] 318. But whether such a failure as is here contemplated, falls within the rule, may be doubted. As before suggested, however, these questions need not be considered; for the 2931st section of the Revised Statutes makes the decision of the collector, respecting "the rate and amount of duties on * * merchandise * * final and conclusive * * unless the owner shall, within ten days after the ascertainment and liquidation * * appeal therefrom to the secretary of the treasury." This language is unambiguous, and conclusive as respects the case before the court. If any omissions or irregularities occur in the proceeding to levy the duty, the owner must make his appeal to the secretary for redress; or thereafter be silent respecting them. The suggestion of the defendant's counsel that such appeal will not reach the appraisement, finds no support, either in the terms or the spirit of the statute. It is the "amount of duty * * to be paid on the merchandise" that the statute submits to the collector's decision; and it is this the appeal involves. If the appraisement is not made in pursuance of law, it is, in effect, no appraisement; if the duty is not "ascertained and liquidated," in pursuance of law, the merchandise is not subject to its payment. These questions, (and the latter involves the entire proceeding—every material step in it,) necessarily, arise on the appeal. By his bond the defendant bound himself for the payment of "whatever excess of duties or charges may be assessed or ascertained and found to be due upon the final liquidation." The amount claimed was so assessed and found to be due. The defendant, however, asserts that it was not legally assessed and found. As before stated, the statute has referred this question to the secretary of the treasury, by whom it must be passed upon before it can reach the court. The entire subject is submitted to him, in the first instance. This appeal cannot be neglected, and the courts applied to for relief. In its absence, as we have seen, the decision of the collector is final. Rankin v. Hog, 4 How. [45 U. S.] 335; Tappan v. U. S. [Case No. 13,749]; Bartell v. Kane, 16 How. [57 U. S.] 273,—and other cases cited by the defendant's counsel, are not applicable to the facts here involved. The second point was not understood to be pressed on the argument. The notice proved was all that the condition of the bond required. The rule for judgment in favor of the defendant, as also that for new trial, must be dismissed.